UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

   v.

KOLLIN KING,

    Defendant.
_____

07-CR-131-WMS

NOTICE OF MOTION

| | |
|---|---|
| **MOTION BY:** | MaryBeth Covert, Assistant Federal Public Defender. |
| **DATE, TIME & PLACE:** | Before the Honorable William M. Skretny, Senior United States District Court Judge, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York, **on a date and a time to be set by the Court.** |
| **SUPPORTING PAPERS:** | Affirmation of Assistant Federal Public Defender MaryBeth Covert, dated December 14, 2018. |
| **RELIEF REQUESTED:** | Modification of Supervised Release Conditions. |
| **DATED:** | Buffalo, New York, December 14, 2018. |

         **/s/ MaryBeth Covert**
         MaryBeth Covert
         Assistant Federal Public Defender
         Federal Public Defender's Office
         300 Pearl Street, Suite 200
         Buffalo, New York 14202
         (716) 551-3341, (716) 551-3346 (Fax)
         marybeth_covert@fd.org
         *Counsel for Defendant Kollin King*

**TO:** Aaron Mango
    Assistant United States Attorney

    Gavin Lorenz
    United States Probation Officer

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                                  07-CR-131 WMS

       v.

                                               **AFFIRMATION**

KOLLIN KING,

           Defendant.
_____

       **MARYBETH COVERT,** affirms under penalty of perjury that:

       1.     I am an Assistant Federal Public Defender for the Western District of New York and our office was assigned to represent the above-named defendant, KOLLIN KING on February 1, 2007.

       2.     On August 6, 2007, Mr. King waived indictment and plead guilty to a Superseding Information charging him with possessing child pornography in violation of 18 U.S.C. §2252A(a)(5)(B). The plea was pursuant to a written plea agreement and provided for a sentence of 102 months under Federal Rules of Criminal Procedure 11(c)(1)(C).

       3.     On November 28, 2007, this Court imposed sentence, and following acceptance of the plea agreement, imposed a term of incarceration of 102 months to be followed by a period of supervised release of 6 ½ years.

       4.     While on supervised release, Mr. King was ordered to abide by the standard conditions of supervised release promulgated in the WDNY as well as the following special conditions of supervision, in relevant part, that "the defendant will be monitored for the term of his supervised release by an electronic monitoring system which utilizes a Global Positioning System (GPS) which will monitor the defendant with the use of 24-hour satellite." (*See* Judgment, Doc. No. 35, Entered December 12, 2007.)

5.  Mr. King was released from BOP custody on June 27, 2014 and commenced his term of supervised release.

6.  Since that time Mr. King has been successful on supervision and compliant with his GPS monitoring condition. Mr. King has traveled, with the permission of the United States Probation Office, both within and out of New York State, and has been fully compliant with the conditions associated with that travel, as reported by his supervising officer.

7.  Mr. King has requested to travel to Florida from December 21, 2018 through December 30, 2018.

8.  United States Probation Officer Gavin Lorenz has already approved Mr. King's travel request to Florida for these dates. As he disclosed in that travel request, Mr. King is traveling to visit his family in Fort Myers, Florida for the Christmas holiday and will be staying with his aunt, Joyce Hughes, at 2418 LaSalle Avenue, Fort Myers, Florida 33907. He is flying to Florida via Frontier airlines and returning to Buffalo on the same airline.

9.  In anticipation of his travel plans, Mr. King already submitted to USPO Lorenz an approved safety plan for this trip.

10. This is not the first out-of-district travel for Mr. King, nor his first trip out of New York State since his supervision commenced. This Court approved a similar trip in February, 2018 and Probation has approved numerous in-State travel requests.

11. Since the current Florida travel was already approved by Probation, the only request of this Court is to lift the GPS monitoring requirement, at probation's suggestion, in order to avoid the continued cumbersome approval process for air travel with such a condition.

12. Based on my conversations with the Probation Office, it is my understanding that each and every time Mr. King has traveled while on supervised release using GPS Monitoring he has indeed been confirmed to be located at the places he had approval to be at and at the specified times for travel.

13. The undersigned has communicated with Mr. King's supervising officer, Gavin Lorenz, who advises that he has no objection to the permanent removal of GPS monitoring.

14. I have communicated with Assistant United States Attorney Aaron Mango who indicates that the Government has no objection to the removal of GPS monitoring for this specific trip.

**WHEREFORE**, the defendant respectfully requests a modification of his special conditions of supervision to remove the GPS monitoring requirement.

**DATED**:  Buffalo, New York, December 14, 2018.

    Respectfully submitted,

**/s/  MaryBeth Covert**
MaryBeth Covert
Assistant Federal Public Defender
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341, (716) 551-3346 (Fax)
marybeth_covert@fd.org
*Counsel for Defendant Kollin King*

**TO:**  Aaron Mango
Assistant United States Attorney

Gavin Lorenz
United States Probation Officer